THOMPSON
LAW GROUP
TLG
880 N Street, Suite 101
Anchorage, Alaska 99501
(907) 272-9322 Phone
(907) 277-1373 Fax

IN THE SUPERIOR COURT OF THE STATE OF ALASKA

SECOND JUDICIAL DISTRICT AT NOME

MILAN SCHIELD,

        Plaintiff,

v.

CITY OF NOME, NOME POLICE DEPARTMENT, and individually SARGENT HOANG "ALEX" LE, OFFICER JONATHAN JACHIM, AND OFFICER JUSTIN STEIN,

        Defendants.

Case No. 2NO-22-    CI

## COMPLAINT

COMES NOW, MILAN SCHIELD, Plaintiff in the above-entitled case, by and through his undersigned attorneys of record, the THOMPSON LAW GROUP, and hereby alleges and complains against the City of Nome, Nome Police Department, Sargent Hoang "Alex" Le, Officer Jonathan Jachim, and Officer Justin Stein, collectively "Defendants", in the above captioned case as follows:

1. That at all times relevant to this complaint, MILAN SCHIELD, was a resident of the State of Alaska, and all actions related to the allegations contained in this complaint occurred in Nome, Second Judicial District, State of Alaska.

2. The City of Nome ("City" or "Nome") is a city in the Borough of Nome.

3. The Nome Police Department is a public department of the City of Nome.

4. Individual defendants were all domiciled in Nome, Alaska in the Second Judicial District when this incident occurred.

5. At all times relevant, defendants Sargent Hoang "Alex" Le ("Sargent Le"), Officer Jonathan Jachim ("Officer Jachim"), and Officer Justin Stein ("Officer Stein"), operated within the course and scope of their employment and under color oft the authority, regulations, customs and usages of the City of Nome, and pursuant to the official procedures and policies of defendants as created by defendants acting under color of their authority as such. In the alternative, they were operating outside the course and scope of their employment.

6. That this suit is an action for compensatory arising from excessive force by the Defendants and a violation of civil rights.

7. This being a complaint based both on city law negligence claims and on claims asserting a violation of the civil rights of the plaintiff, jurisdiction of the Court is invoked pursuant to AS 22.10.020 and 42 U.S.C. Sec. 1983.

8. That or on about August 23rd, 2020, in Nome, Alaska, the Plaintiff was the victim of excessive force by the Nome Police Department and the individual defendants.

9. Defendants Sargent Le, Officer J. Jachim, and Officer Stein's reckless and intentional actions in using excessive force resulted in injury to

THOMPSON LAW GROUP
TLG
880 N Street, Suite 101
Anchorage, Alaska 99501
(907) 272-9322 Phone
(907) 277-1373 Fax

the Plaintiff, Milan Shield and a violation of his rights under the 4th and 14th amendments of the Constitution of the United States.

10. That on or about August 23rd, 2020 defendants Sargent Le, Officer J. Jachim, and Officer Stein's responded to a women's report of being harassed in front of the Board of Trade Saloon on Front Street in Nome. When Officer Jachim arrived on scene, they detained a man holding a bottle of alcohol whom the woman who made the report had pointed out to the officers.

11. That following the identification of the man by the woman, the officers contacted the intoxicated man and asked him to empty the bottle of alcohol, and he complied. When walking away from the man to take the woman's statement, the empty glass bottle hit and shattered on the ground.

12. That Officer Jachim detained the man, and upon detaining the man, the Plaintiff, Milan Schield ("Schield"), appeared and begin questioning the officer why the man was being detained and asking what the man's crime was.

13. That Officer Jachim directed Schield to back off, but Schield refused and continued asking the officer about the man.

14. That during the interaction with Officer Jachim and Schield, the man was taken by another police officer and placed into a police cruiser parked across the street.

15. That Officer Jachim told Schield that he was under arrest for disorderly conduct and directed Schield to put his hands behind his back. Schield told Officer Jachim that he could not, due to having a bad back. Officer

Complaint
*Schield v. City of Nome et al* | 2NO-22-       CI
Page **3** of **6**

Case 2:22-cv-00005-HRH   Document 1-1   Filed 09/28/22   Page 3 of 6 Exhibit A

Jachim ignored Schield's comment and continued directing him to place his hands behind his back. Schield continued to refuse placing his hands behind his back and began walking away. Officer Jachim began using force to place Schield's hands behind his back while Sergeant Le swept Schield to the ground, knocking the body cam out of Officer Jachim's harness. Schield began repeatedly asking Officer Jachim what he had done and to leave him alone, and the police gave Schield no answer as to why he was being arrested.

16. That Schield, while on the ground, was pepper sprayed and tased by the officers, and an officer placed Schield's left hand in a handcuff. The officer then sent a second taser shot while the officer was kneeling on Schield's buttocks and placed Schield's right hand into handcuffs.

17. That a crowd of bystanders had formed, yelling at the officers that Schield couldn't breathe.

18. That Schield laid on the ground for a few minutes and was provided aid by bystanders, including being brought to his feet to wash the pepper spray from his face.

19. That Officer Jachim, Sergeant Le and Officer Stein's use of force was unnecessary and unwarranted in the performance of their duties and constituted an unreasonable, unwarranted, and excessive use of force in violation of the 4th and 14th amendments of the U.S. Constitution.

20. As a direct and proximate result of the excessive use of force by the defendants, the Plaintiff was injured, for which the claims and damages are set forth below.

## COUNT I

21. Plaintiff hereby incorporates by reference all allegations contained within the preceding paragraphs as those set forth herein.

22. The individual Defendant's actions in response to Schield's actions were, in the alternative, either unreasonable and or negligent.

23. The excessive force by the Defendant's was entirely unjustified by any actions of the Plaintiff, and constituted an unreasonable and excessive use of force under state law and violated Schield's rights under the 4th and 14th amendments all of which gives rise to a claim for damages under 42 U.S.C. § 1983.

24. The direct and proximate result of the Defendant's acts were the injuries the Plaintiff sustained.

25. The Plaintiff has suffered damages in excess of the jurisdictional limits of this court, the amount to be decided at trial by a jury.

## COUNT II

26. Plaintiff hereby incorporates by reference all allegations contained within the preceding paragraphs as those set forth herein.

27. In doing this, the Defendant's acted under color of State law, regulations, customs, or usages to deprive the decedent of his rights under the 4th and 14th amendments of the U.S. Constitution.

28. Defendant City of Nome has grossly failed to train it's Officers in the fundamental law of arrest and use of force in affecting arrest in that it allowed it's Officers to use excessive force on an individual who had been

THOMPSON LAW GROUP TLG
880 N Street, Suite 101
Anchorage, Alaska 99501
(907) 272-9322 Phone
(907) 277-1373 Fax

effectively contained and in addition ratified the Officers' actions in their internal investigation.

29. Defendant City of Nome, failed to properly and adequately train, re-train, supervise, investigate, and discipline individuals under its command or supervision, including the defendant Officers, so that the law, regulations, and policies relating to containment and apprehension of a suspect were not violated and the state either negligently or knowingly allowed them to practice outside of scope of their employment.

30. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff was injured by the Officers who utilized excessive force.

31. The Plaintiff has suffered damages in excess of the jurisdictional limits of this court, the amount to be decided at trial by a jury.

### PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1. Judgment in favor of Plaintiff and against Defendants for pain suffering and loss of the quality of life, medical expenses, and any lost wages, in excessive of $100,000.00 the exact amount to be proven at time of trial.

2. For an award of attorney's fees, costs, interest, and such other relief as the court may deem just and equitable.

DATED this 12th day of August, 2022 in Anchorage, Alaska.

THOMPSON LAW GROUP

/s/ Darryl L. Thompson
DARRYL L. THOMPSON, ESQ.
ABA NO: 8706055